By the Court.—Sedgwick, Ch. J.
If, as the complaint claimed, the contract for renewal, after December 30, 1878, was for the further term of two years, it was void, under the statute of frauds, as being a contract that by its terms was not to be performed within one year.
The further claim is made, in view of this conclusion, that at least the contract must be intended as one *223 from year to year. This position is taken upon the proposition, that if the time of the duration of the contract is not specified, it will be intended to be for the time that the circumstances show it must last to be useful to the party who takes it; or that is equitable under the circumstances. As to this, the facts were so decisive, that it is unnecessary to examine how far, if at all, the legal proposition involved is correct. The plaintiff expressly testified that a contract for a year would not suit his business; that it was impossible to carry on the business without having the right for more than one year. Such being the term which would be implied from the circumstances of the business, a contract for it, if not in writing, could not be performed within a year, and would be void.
Indeed, if we again look at the circumstances, the kind of termination used by defendant as to time was suited to the needs of the plaintiff. It is plain that his contracts with advertisers did not end on any one day, much less on the 30th of each December. There is nothing to show that at the end of December, 1882, he would not have on hand implied engagements, as numerous as he had in March, 1881, when the notice was given. He gave no evidence to show what notice to terminate, short of a year, would be reasonable, if such a test were the one to be applied. The notice of five weeks given, gave him warning to stop making new contracts, and there is nothing to show that it was not sufficient for other purposes.
I examine only the facts, without intending to state the true rule of law to be applied.
Judgment affirmed, with costs.
The defendant appealed from an order which should be affirmed with $10 costs.
Freedman, J., concurred.